IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| RAIN BIRD CORPORATION,<br>a California corporation, | )<br>)<br>) | Civil Action No. _____ |
| Plaintiff, | )<br>)<br>) | Hon. _____ |
| v. | )<br>)<br>) | Magistrate Judge _____ |
| PATRICK TAYLOR,<br>an individual d/b/a<br>AAA RAINBIRD CONNECTION, | )<br>)<br>)<br>) | **JURY TRIAL DEMANDED** |
| Defendant. | )<br>) | |

## COMPLAINT

Plaintiff, Rain Bird Corporation, ("Rain Bird"), for its complaint against Defendant, Patrick Taylor d/b/a AAA Rainbird Connection ("Taylor"), alleges as follows:

## THE PARTIES

1. Plaintiff Rain Bird is a corporation organized under the laws of the State of California with its corporate headquarters located at 1000 West Sierra Madre Ave. Azusa, CA 91702. Rain Bird conducts business in and has customers in Florida and in this District.

2. Rain Bird is a very well known and prominent corporation involved in the design, development, manufacture, supply and sale of high quality irrigation related products, including irrigation sprinkler systems of various designs.

3. Upon information and belief, Taylor is a citizen of the State of Florida and resides in this District at 110 Lake Drive, Crestview, FL 32539.

4. Defendant Taylor is, upon information and belief, doing business as AAA Rainbird Connection within the State of Florida and within this Judicial District.

5. Upon information and belief, Taylor does business as AAA Rainbird Connection out of one or more of the following locations: 226 E 3rd Ave., Crestview, FL 325346; 292 N Spring St., Crestview, FL 325346; and Fort Walton Beach, FL 32547.

## NATURE OF ACTION AND JURISDICTION

6. In this action, Rain Bird's claims against Taylor are for trademark infringement in violation of 15 U.S.C. § 1114 *et seq.*, for unfair competition in violation of 15 U.S.C. § 1125(a), for dilution in violation of 15 U.S.C. § 1125(c), for trademark infringement in violation of the common law of Florida, for unfair competition in violation of the common law of Florida, for dilution in violation of Florida Statutes § 495.151, and for unfair competition in violation of Florida Statutes § 501.201 *et seq.*

7. This Court has jurisdiction over this action pursuant to 15 U.S.C. §§ 1121 and 28 and 28 U.S.C. §§1331, 1338, and 1367.

8. Venue is proper in this District under 28 U.S.C. §1391.

## GENERAL ALLEGATIONS

9. Since at least as early as 1936, Rain Bird has continuously provided goods and/or services in relation to irrigation and has done so using its easily recognized and famous RAIN BIRD word and design marks.

10. Since at least as early as 1936, well before Taylor came into existence, Rain Bird has exclusively used the mark "RAINBIRD" in commerce in connection with Lawn and Yard Sprinklers. Rain Bird registered the mark "RAINBIRD" on December 2, 1952, Registration No. 567442, on the Principal Register of the United States Patent and Trademark Office. A copy of the Principal Registration Certificate is attached as **Exhibit 1** hereto.

11. Since at least as early as 1957, Rain Bird has exclusively used the mark "RAIN BIRD" in commerce in connection with Manually-Operated Turf Valves, Angle, Globe, and

Check Valves, Quick Coupling Valves and Valve Keys, Electrically and Hydraulically Operated Remote Control Valves. Rain Bird registered the mark "RAIN BIRD" on June 23, 1964, Registration No. 771728, on the Principal Register of the United States Patent and Trademark Office. A copy of the Principal Registration Certificate is attached as **Exhibit 2** hereto.

12. Since at least as early as 1962, Rain Bird has exclusively used the mark "RAIN BIRD" in commerce in connection with Electrically-Operated Controllers for Sprinkler Systems, and Electrical Wire for Use in Such Systems. Rain Bird registered the mark "RAIN BIRD" on June 23, 1964, Registration No. 771809, on the Principal Register of the United States Patent and Trademark Office. A copy of the Principal Registration Certificate is attached as **Exhibit 3** hereto.

13. Since at least as early as 1953, Rain Bird has exclusively used the mark "RAIN BIRD" in commerce in connection with TURF AND AGRICULTURAL SPRINKLERS. Rain Bird registered the mark "RAIN BIRD" on March 2, 1971, Registration No. 908921, on the Principal Register of the United States Patent and Trademark Office. A copy of the Principal Registration Certificate is attached as **Exhibit 4** hereto.

14. Since at least as early as 1962, Rain Bird has exclusively used the mark "RAIN BIRD" in commerce in connection with CLOCKS USED IN CONNECTION WITH TIMING CONTROLS. Rain Bird registered the mark "RAIN BIRD" on June 26, 1973, Registration No. 962015, on the Principal Register of the United States Patent and Trademark Office. A copy of the Principal Registration Certificate is attached as **Exhibit 5** hereto.

15. Since at least as early as 1962, Rain Bird has exclusively used the mark "RAIN BIRD" in commerce in connection with MOISTURE AND TEMPERATURE RESPONSIVE CONTROLLERS. Rain Bird registered the mark "RAIN BIRD" on April 23, 1974, Registration

No. 982529, on the Principal Register of the United States Patent and Trademark Office. A copy of the Principal Registration Certificate is attached as **Exhibit 6** hereto.

16.  Since at least as early as 1949, Rain Bird has exclusively used the mark "RAIN BIRD" in commerce in connection with the REPAIR OF SPRINKLER AND RELATED IRRIGATION EQUIPMENT OWNED BY OTHERS. Rain Bird registered the mark "RAIN BIRD" on November 26, 1974, Registration No. 999325, on the Principal Register of the United States Patent and Trademark Office. A copy of the Principal Registration Certificate is attached as **Exhibit 7** hereto.

17.  Since at least as early as 1950, Rain Bird has exclusively used the mark "RAIN BIRD" in commerce in connection with SPRINKLER HEAD SCREENS. Rain Bird registered the mark "RAIN BIRD" on May 28, 1974, Registration No. 984827, on the Principal Register of the United States Patent and Trademark Office. A copy of the Principal Registration Certificate is attached as **Exhibit 8** hereto.

18.  Since at least as early as 1963, Rain Bird has exclusively used the



word and design mark in commerce in connection with various goods and services related to the field of irrigation. Rain Bird registered the aforementioned word and design mark on March 19, 1991, Registration No. 1638034, on the Principal Register of the United States Patent and Trademark Office. A copy of the Principal Registration Certificate is attached as **Exhibit 9** hereto.

19. The RAIN BIRD Marks are distinctive and famous throughout the United States and the State of Florida. Over the past several decades, Rain Bird has extensively advertised, marketed, promoted and used its goods and services bearing the aforementioned marks (collectively "RAIN BIRD Marks") in commerce throughout the United States and the State of Florida, developing valuable trademark rights and associated goodwill in the RAIN BIRD Marks.

20. Consequently, the RAIN BIRD Marks have identified, and continue to identify, Rain Bird as the source of goods and services bearing these marks.

21. Upon information and belief, Taylor d/b/a AAA Rainbird Connections provides goods and services relating to irrigation systems in direct competition with Rain Bird and/or its authorized distributors in the State of Florida.

22. Upon information and belief, Taylor has and continues to promote, advertise, offer for sale and sell goods and services relating to irrigation systems under the name of AAA Rainbird Connections in infringement of Rain Bird's legal rights, including both those Federal rights established by Rain Bird's Federally registered RAIN BIRD Marks and those common law rights acquired by use of the RAIN BIRD Marks with Rain Bird's goods and services relating to irrigation systems.

23. Upon information and belief, Taylor uses business forms, telephone directory listings and e-mail addresses that imitate the RAIN BIRD Marks. **Exhibits 10-11** are examples of such documents and uses attached hereto.

24. Taylor's ongoing and anticipated future infringement of Rain Bird's RAIN BIRD Marks is causing, and is likely to cause in the future, confusion, deception, and mistake concerning (a) the source and/or origin of Taylor's goods and services relating to irrigation

systems, (b) the affiliation, connection, or association between Taylor and Rain Bird, and (c) Rain Bird's sponsorship or approval of Taylor's goods and services relating to irrigation systems.

25. On information and belief, Taylor was and has been on notice of Rain Bird's exclusive rights in the RAIN BIRD Marks and Rain Bird's adoption of the RAIN BIRD Marks before Taylor began doing business as AAA Rainbird Connections.

26. Taylor knowingly, willfully, and intentionally infringed and continues to infringe Rain Bird's RAIN BIRD Marks.

27. On information and belief, Taylor has received profits from his infringing use of Rain Bird's RAIN BIRD Marks.

28. Unless restrained by this Court, Taylor's infringement of Rain Bird's RAIN BIRD Marks will continue to cause serious and irreparable injury, including, but not limited to, loss of competitive advantage, loss of business reputation and goodwill, loss of sales and profits, and other losses – harm for which Rain Bird has no adequate remedy at law.

## COUNT I

### LANHAM ACT – TRADEMARK INFRINGEMENT

29. Rain Bird realleges and incorporates herein by reference paragraphs 1 through 28 above.

30. The aforesaid wrongful acts of Taylor constitute willful infringement of Rain Bird's Registered Trademarks, U.S. Principal Registration Nos. 567442, 771728, 771809, 908921, 962015, 982529, 999325, 984827 and 1638034, in violation of the Lanham Act, 15 U.S.C. §1114.

## COUNT II

### LANHAM ACT – UNFAIR COMPETITION

31. Rain Bird realleges and incorporates herein by reference paragraphs 1 through 28 above.

32. The aforesaid wrongful acts of Taylor constitute unfair competition in violation of the Lanham Act, 15 U.S.C. §1125(a).

## COUNT III

### LANHAM ACT – DILUTION

33. Rain Bird realleges and incorporates herein by reference paragraphs 1 through 28 above.

34. The aforesaid wrongful acts of Taylor constitute dilution of Rain Bird's Registered Trademarks, U.S. Principal Registration Nos. 567442, 771728, 771809, 908921, 962015, 982529, 999325, 984827 and 1638034, in violation of the Lanham Act, 15 U.S.C. §1125(c).

## COUNT IV

### FLORIDA COMMON LAW– TRADEMARK INFRINGEMENT

35. Rain Bird realleges and incorporates herein by reference paragraphs 1 through 28 above.

36. The aforesaid wrongful acts of Taylor constitute willful trademark infringement in violation of the common law of the State of Florida.

## COUNT V

### FLORIDA COMMON LAW– UNFAIR COMPETITION

37. Rain Bird realleges and incorporates herein by reference paragraphs 1 through 28 above.

38. The aforesaid wrongful acts of Taylor constitute unfair competition in violation of the common law of the State of Florida.

## COUNT VI

### FLORIDA REGISTRATION AND PROTECTION OF TRADEMARKS ACT – DILUTION

39. Rain Bird realleges and incorporates herein by reference paragraphs 1 through 28 above.

40. The aforesaid wrongful acts of Taylor constitute dilution in violation of the Florida Registration and Protection of Trademarks Act, Fla. Stat. § 495.151.

## COUNT VII

### FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT – DILUTION

41. Rain Bird realleges and incorporates herein by reference paragraphs 1 through 28 above.

42. The aforesaid wrongful acts of Taylor constitute unfair competition in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*

### PRAYER FOR RELIEF

WHEREFORE, Rain Bird prays for the following relief:

A. A temporary restraining order, preliminary injunction, and permanent injunction ordering that Taylor, and all those acting in concert or participation with him, shall be barred from doing business as AAA Rainbird Connections or any other name likely to induce the

8

mistaken belief of consumers that Taylor is in any way affiliated, connected, or associated with Rain Bird;

  B. A temporary restraining order, preliminary injunction, and permanent injunction ordering that Taylor, and all those acting in concert or participation with him, shall not use, sell, or market, directly or indirectly, any product or service that infringes Rain Bird's registered trademarks, U.S. Principal Registration Nos. 567442, 771728, 771809, 908921, 962015, 982529, 999325, 984827 and 1638034 unless authorized by Rain Bird;

  C. A temporary restraining order, preliminary injunction, and permanent injunction ordering that Taylor, and all those acting in concert or participation with him, shall not do any other act or thing likely to induce the mistaken belief of consumers that Taylor is in any way affiliated, connected, or associated with Rain Bird;

  D. An award of damages, including interest, sustained by Rain Bird as a result of the wrongful acts of Taylor;

  E. An accounting and award of Taylor's profits, including interest, obtained as a result of the wrongful acts of Taylor;

  F. An increase and/or trebling of damages pursuant to 15 U.S.C. §1117, or any other applicable statutory or common law basis;

  G. An award of costs and attorney's fees pursuant to 15 U.S.C. §1117 or any other statutory or common law basis; and

  H. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Rain Bird demands trial by jury of all issues triable of right by a jury.

Date: November 7, 2008

George W. Hatch III
Florida Bar No.: 0072028
Stephen M. Cozart
Florida Bar No.: 148873
Kubicki Draper
201 East Government Street
Pensacola, Florida 32502
Telephone (850) 434-0003
Facsimile (850) 434-0223

*Attorneys for Plaintiff, Rain Bird Corporation*

Of Counsel:
Mark W. Hetzler
Ted S. P. Li
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603-3406
Telephone: (312) 577-7000
Facsimile: (312) 577-7007