IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAIN BIRD CORPORATION,

      Plaintiff,

      v.                                  Case No. 3:08-cv-509-RV/EMT

PATRICK TAYLOR, an individual,
d/b/a AAA RAINBIRD CONNECTION,

      Defendant.
_____/

## ORDER

      The plaintiff, Rain Bird Corporation, filed its complaint against the defendant, Patrick Taylor d/b/a AAA Rainbird Connection, on November 7, 2008, alleging trademark infringement. According to the Return of Service, the defendant was served with the summons and complaint on November 25, 2008. He was advised that under the applicable rule of civil procedure he had 20 days (or until December 15th) to answer or otherwise respond to the complaint. The plaintiff contends that the defendant failed to do so. After having already obtained a clerk's entry of default, the plaintiff now moves for a default judgment and permanent injunction under Rule 55(b)(2) of the Federal Rules of Civil Procedure (doc. 7).

      The entry of default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). However, the Eleventh Circuit has explained that "default judgments are disfavored," *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada,* 674 F.2d 1365, 1369 (11th Cir. 1982), and should be used sparingly:

> Entry of judgment by default is a drastic remedy which should be used only in extreme situations, as the court has available to it a wide range of lesser sanctions. The former Fifth Circuit has adopted the view that such action is too harsh except in extreme circumstances. Moreover, we must respect the usual preference that cases be heard on the

> merits rather than resorting to sanctions that deprive a litigant of his day in court.

*Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985) (citations omitted).

This case does not present an "extreme circumstance" justifying the "drastic remedy" of default judgment. On December 3, 2008, a mere eight days after being served with the complaint, the defendant wrote a letter to the plaintiff's attorney and stated that he was "*responding* to your recent civil action against myself." (Emphasis added). This correspondence is attached to the plaintiff's motion for default. The defendant stated in that letter that he was approached by a representative for the plaintiff and "made aware of the situation." He told the representative that he would change the name of his business as soon as he was financially able, and this representative allegedly told him "that would be OK." The defendant ended the letter by stating: "I have also mailed the same response to the Clerk of Court in Escambia Co., Case # 3:08-cv-00509-RV-EMT."[1]

In light of his *pro se* status, and because default judgments are strongly disfavored, I will exercise my discretion and treat the defendant's letter of December 3rd as a pleading. *See, e.g., Grill v. A-1 Amusement & Party Rental, Inc.,* 2007 WL 2122169 at *2 (E.D. Ky. 2007) (denying default judgment on similar facts involving a *pro se* letter sent directly to the plaintiff's attorney in lieu of an official answer; collecting multiple cases for the view that "case law supports construing the letter as a pleading"). Consequently, the plaintiff's motion for default judgment (doc. 7) is hereby DENIED.

DONE and ORDERED this 27th day of February, 2009.

/s/ *Roger Vinson*
ROGER VINSON
Senior United States District Judge

---

[1] This letter was apparently not received by the clerk of this court for it was never filed and docketed. By mailing the letter to "the Clerk of Court in Escambia Co.," the defendant obviously sent the letter to state court, instead of this court. A copy will be filed herewith, however, and treated as a *pro se* filing.