IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAIN BIRD CORPORATION, a
California corporation
    Plaintiff,

vs.                                        Case No. 3:08cv509/RV/EMT

PATRICK TAYLOR, Individual
doing business as AAA RAINBIRD
CONNECTION,
    Defendant.
_____/

## ORDER

This cause is before the court on Plaintiff's Motion For Summary Judgment and Supporting Memorandum, Statement of Facts in Support of Plaintiff's Motion for Summary Judgment, and supporting documents (Docs. 31, 32, 33). Before the court rules on this matter, Defendant shall be required to respond to Plaintiff's motion.

Defendant is advised that in preparing his response to the motion for summary judgment, he should file and serve affidavits and any other documents or materials required by Fed. R. Civ. P. 56 and Local Rule 56.1(A). Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also* Celotex Corporation v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986).

Defendant is cautioned that he must dispute or contradict Plaintiff's arguments with evidence of a substantial nature as distinguished from legal conclusions. Defendant cannot successfully defeat a motion for summary judgment with mere formal denials or general allegations that do not disclose the facts in detail and with precision, nor can he simply rely upon the pleadings. A general denial unaccompanied by any evidentiary support will not suffice. *See, e.g.*, Courson v. McMillian,

939 F.2d 1479 (11th Cir. 1991); Hutton v. Strickland, 919 F.2d 1531 (11th Cir. 1991).

Evidentiary material which is acceptable in opposition to a motion for summary judgment includes sworn affidavits or other sworn documentary or other evidence indicating the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e). Affidavits must be based on personal knowledge, setting forth such facts as would be admissible into evidence and affirmatively showing that the affiant is competent to testify to the matters stated therein. *Id.* If affidavits of witnesses are unavailable, Defendant should so indicate by his own affidavit and seek an extension of time to obtain other affidavits. Fed. R. Civ. P. 56(f). If Defendant is unable to present, by affidavit or other evidence, facts essential to justify his opposition to Plaintiff's motion, then Defendant must file a sworn statement as to why he is unable to do so. *Id.*

Materials submitted on a motion for summary judgment are viewed in the light most favorable to the party opposing the motion (Defendant), but unreasonable and speculative inferences will not be drawn from the materials. Tyler v. Vickery, 517 F.2d 1089 (5th Cir. 1975). Evidence filed by Plaintiff in support of the motion for summary judgment may be accepted as true by the court if Defendant does not file contrary evidence in the form of sworn affidavits or other materials in compliance with Rule 56. Brown v. Shinbaum, 828 F.2d 707 (11th Cir. 1987).

Defendant is cautioned that only those pleadings and evidentiary materials currently in the record or filed in accordance with this order will be considered by the court in ruling on such a motion. A motion for summary judgment will result in a final judgment without a full trial or any further proceeding, if the pleadings, sworn affidavits, and other appropriate evidentiary materials properly filed in the record show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex, 477 U.S. at 322–23; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202, 212 (1986).

In addition to other papers or matters permitted by the federal procedural rules, Defendant must file and serve a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, in the format set forth in Rule 56.1(A) of the Local Rules of the Northern District of Florida. All material facts set forth in the statement of material facts filed by Plaintiff will be deemed to be admitted by Defendant unless controverted by Defendant's statement of material facts. *See* N.D. Fla. Loc. R. 56.1(A).


Accordingly, it is **ORDERED**:

1. Defendant shall respond to Plaintiff's motion for summary judgment within **FOURTEEN (14) DAYS** of the date of docketing of this order.

2. Failure to comply with this order may result in a recommendation that Plaintiff's motion be granted and that final judgment be entered in favor of Plaintiff. *See* N.D. Fla. R. 7.1(C)(1).

**DONE AND ORDERED** this 4th day of August 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**